**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| T. GLENNON, INC., | CIVIL ACTION NO. 11-4155 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. |  |
| THE HARTFORD CASUALTY INSURANCE COMPANY, |  |
| Defendant. |  |

**CHARLES JOHNSON** brought an action against T. Glennon, Inc. ("Insured") in New Jersey state court to recover damages for personal injuries ("Tort Action"). (Dkt. entry no. 1, Rmv. Not., Ex. A, Compl. at 1-3.) The Hartford Casualty Insurance Company ("Insurer") allegedly provided coverage to the Insured. (Id. at 2-6.) The Tort Action remains pending. (Dkt. entry no. 11, Insurer Br. at 2.) Indeed, Charles Johnson has added the Insurer as a defendant in the Tort Action. (Id.)

**THE INSURED** then brought this separate action against the Insurer in the same state court for, inter alia, a judgment declaring that the Insurer is obligated to defend and indemnify the Insured in the Tort Action ("Declaratory Judgment Action"). (See Compl.) The Insured listed, among others, Charles Johnson as an interested party. (Id.) The Insurer removed the Declaratory Judgment Action to this Court pursuant to 28 U.S.C. § 1332(a). (Rmv. Not.)

**THE INSURED** now moves to remand the Declaratory Judgment Action and to recover an award of costs. (Dkt. entry no. 4, Notice of Mot.) For the following reasons, the Court will (1) grant the part of the motion seeking remand, and (2) deny the part of the motion seeking to recover an award of costs. Oral argument is not necessary. See L.Civ.R. 78.1(b).

**THE INSURER** has been added as a defendant in the Tort Action. The Insurer also could be named as a third-party defendant, a cross-claim defendant, or in some other capacity. Furthermore, a determination as to any claim in the Declaratory Judgment Action would necessarily affect — and thus interfere with — the Tort Action. As a result, this Court must abstain from adjudicating the Declaratory Judgment Action. See Wilton v. Seven Falls Co., 515 U.S. 277, 280-90 (1995) (upholding Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942)).

**THE DECLARATORY JUDGMENT ACTION** (1) is, as the Court's shorthand reference suggests, a declaratory-judgment action involving insurance-coverage issues, (2) concerns issues that will be raised in the Tort Action, and (3) as the Insured correctly points out, could be adjudicated by the same judge overseeing the Tort Action, as both actions were initiated in the same court. (See dkt. entry no. 5, Insured Br. at 1-2.) As a result, the Declaratory Judgment Action should be remanded. See Del Suppo, Inc. v. Nautilus Ins. Co., No. 07-952, 2007 WL

2345287, at *2-3 (W.D. Pa. Aug. 16, 2007) (declining jurisdiction and remanding action where insurer removed insured's action seeking indemnification in underlying state court action); see also Williams v. State Auto Prop. & Cas. Ins. Co., No. 08-4983, 2009 WL 1119502, at *2-3 (E.D. Pa. Apr. 24, 2009) (remanding action concerning insurance coverage, and noting "the possibility of interfering with the state court cases regarding the same matter is substantial" because the conduct of certain parties would need to be addressed in both the underlying state action and the removed declaratory-judgment action).

**THE COURT**, in view of the pending Tort Action, must "promote judicial economy by avoiding duplicative and piecemeal litigation". State Auto Ins. Cos. v. Summy, 234 F.3d 131, 135 (3d Cir. 2001).  It appears that the Insurer's desire to proceed in federal court "has no special call on the federal forum". Id. at 136.  Therefore, the Court will grant the part of the motion seeking remand.

**THE COURT**, however, will deny the part of the motion seeking to recover an award of costs.  See 28 U.S.C. § 1447(c) (stating "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal").  The Court has broad discretion over whether to require the payment of costs.  See Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996).  The issue of

the propriety of the removal was not entirely straightforward, and there was an objectively reasonable basis for the removal.

**FOR GOOD CAUSE APPEARING**, the Court will issue an appropriate order and judgment.

                                               s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated:  November 28, 2011